IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD,

                  Plaintiff,

  v.

JODI A. DOUGHERTY, JAY MINSHALL,
CASEY JENSEN, ERIN DUNAHAY, and
DAVID FLIEGER,

                  Defendants.

ORDER

19-cv-369-jdp

---

      This is one of two civil cases filed in this district by plaintiff Chad J. Conrad, a pro se litigant who was incarcerated at Jackson Correctional Institution until his death earlier this year. I learned of Conrad's death when a copy of my ruling in Conrad's other case was returned from the Department of Corrections with a handwritten notation on the enclosure envelope that says "Deceased." *See* No. 17-cv-418-jdp, Dkt. 128.

      I concluded that the handwritten notation from the Department of Corrections qualified as a suggestion of death under Federal Rule of Civil Procedure 25(a) for purposes of the '418 case. So I ordered defendants in the '418 case to serve Conrad's personal representative or successor so that he or she could assume his interest in the case. *See* No. 17-cv-418-jdp, Dkt. 129. But I couldn't do the same in this case because Conrad's complaint hadn't passed the screening stage, meaning that no defendants had yet been served. So I asked defendants in the '418 case to provide me with contact information for Conrad's personal representative or successor so that I could contact him or her in connection with this second, unscreened case.

Defendants in the '418 case have now provided contact information for Conrad's mother, and I am sending her a copy of this order at the address provided. The purpose of this order is to advise Conrad's mother (or whoever is acting as his personal representative or successor) that she may assume Conrad's interests in this case if she wishes to. Under Federal Rule of Civil Procedure 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In other words, if Conrad's personal representative or successor wishes to assume Conrad's interests in this litigation, that person must notify this court.

I will direct the clerk of court to close this case without prejudice for now. Conrad's personal representative or successor is free to file a motion to reopen it (along with a motion for substitution and a formal "suggestion of death," which is an express statement that Conrad has in fact died). If and when the personal representative or successor does so, I will reopen the case and screen Conrad's complaint as required under 28 U.S.C. §§ 1915 and 1915A.

ORDER

IT IS ORDERED that the clerk of court is directed to close this case without prejudice. The clerk is directed to send copies of the operative complaint (Dkt. 5) and this order to plaintiff Chad J. Conrad's mother at the address listed in No. 17-cv-418-jdp, Dkt. 130, at 2.

Entered October 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge